Electronically Filed
6/7/2019 12:49 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

No. **C-2534-19-A**

| | | |
|---|---|---|
| VANTAGE BANK OF TEXAS ) | | IN THE DISTRICT COURT |
| as successor by merger to ) | | |
| INTER NATIONAL BANK, N.A. ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | | HIDALGO COUNTY, TEXAS |
| ) | | |
| CONTINENTAL CASUALTY CO., ) | | |
| Serve:   CT Corporation Systems ) | | |
|         Registered Agent ) | | |
|         1999 Bryan Street ) | | |
|         Suite 900 ) | | |
|         Dallas, Texas 75201 ) | | |
| ) | | |
| Defendant. ) | | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION, REQUESTS FOR DISCLOSURE
AND NOTICE PURSUANT TO RULE 193.7, TEX. R. CIV. P.**

TO THE HONORABLE COURT:

For its Original Petition, Plaintiff states:

RULE 47 DISCLOSURE AND DISCOVERY CONTROL PLAN

1.      Pursuant to Rule 47, TEX. R. CIV. P., Plaintiff gives notice that it seeks monetary relief over $1 million.

2.      Plaintiff requests a discovery plan under Level 3, Rule 190.4.

I.      JURISDICTION, PARTIES AND VENUE

3.      Plaintiff is the successor in interest by merger to the rights and causes of action of Inter National Bank, 1801 South 2nd Street, McAllen, Texas 78503. Plaintiff is a state chartered bank in good standing, whose principal place of

Exhibit 1

Case 7:19-cv-00252 Document 1-1 Filed on 07/23/19 in TXSD Page 2 of 9

Electronically Filed
6/7/2019 12:49 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2534-19-A

business is located in the state of Texas. Inter National Bank ["INB"] was at all times pertinent to this Petition domiciled in the state of Texas.

4. Defendant is an insurance company in good standing authorized to issues insurance in the state of Texas. Defendant may be served by delivering a copy of the citation and Original Petition to its registered agent, CT Corporation Systems, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

5. Defendant is properly subject to the jurisdiction of this Court under § 17.042(1), TEX. CIV. PRAC. & REM. CODE, because this matter relates to a Community Bank Bond issued to a Texas resident to be performed in the state of Texas.

6. This Court has subject matter jurisdiction over this matter pursuant to Article V, Section 8 of the Texas Constitution and § 24.007, TEX. GOVT. CODE.

7. Venue is properly laid in this Court under § 15.002, TEX. CIV. PRAC. & REM CODE, because all or a substantial part of the events giving rise to this matter arose here.

## II.    APPLICABLE FACTS

8. In May 2014, HJH Consulting Group and its affiliated entities ["HJH"] as borrowers and Texas Capital Bank ["TCB"] entered into a Credit Agreement that was periodically renewed at all times pertinent to this Petition in reliance upon documents provided by HJH to TCB.

9. In 2016, INB, plaintiff's predecessor in interest, executed a Participation Agreement with TCB pursuant to which INB agreed to provide a portion of the funds available to HJH under the Credit Agreement just described.

Case 7:19-cv-00252   Document 1-1   Filed on 07/23/19 in TXSD   Page 3 of 9

Electronically Filed
6/7/2019 12:49 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2534-19-A

Like the Credit Agreement, the Participation Agreement between TCB and INB was periodically renewed at all times pertinent to this Petition in reliance upon documents provided by HJH to TCB.

10. Section 2.4 of the Credit Agreement provided in pertinent part as follows:

> **Section 2.4 Use of Proceeds.** The Proceeds of the Revolving Credit Advances shall be used by Borrower to finance sixty percent (60%) of the Contracts being periodically created. The proceeds of the Term Loan in the original principal sum of $6,500,000.00 shall be used to refinance the balance of the existing revolving debt with Frost Bank and provide two (2) months of working capital. The proceeds of the Guidance Line Advances shall be used to finance up to eight percent (80%) of the purchase price of fixed assets and to refinance existing equipment loans.

11. TCB and INB had no obligation to make any advance on any component of the Credit Line until HJH and affiliates complied with the conditions in Section 5.2 of the Credit Agreement. This requirement included several relevant provisions, including a requirement that representations and warranties made by HJH and its affiliates be true and correct on the date any advance under any loan contemplated by the Credit Agreement was made.

12. Section 6.12 of the Credit Agreement contains the following language:

> **Section 6.12 Disclosure.** No statement, information, report, representation or warranty made by Borrower or any other Obligated Party in this Agreement or in any other Loan Document or furnished to Lender in connection with this Agreement or any of the transactions contemplated hereby contains any untrue statement of a material fact or omits to state any material fact necessary to make the statements herein or therein not misleading. . . . .

Case 7:19-cv-00252 Document 1-1 Filed on 07/23/19 in TXSD Page 4 of 9

Electronically Filed
6/7/2019 12:49 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2534-19-A

13. This disclosure covenant ties to Section 7 in the Credit Agreement, which reads as follows:

## SECTION 7
## AFFIRMATIVE COVENANTS

Borrower covenants and agrees that as long as any Indebtedness or any Obligations or any part thereof are outstanding or Lender has any Commitment hereunder:

**Section 7.1 Reporting Requirements.** Borrower will furnish . . . to Lender:

(a) **Annual Financial Statements.** As soon as available, and in any event within one hundred fifty (150) days after the last day of each fiscal year of Borrower beginning with the fiscal year ending December 31, 2014, a copy of the annual audit report of Borrower and its Subsidiaries, on a consolidated basis, for such fiscal year containing balance sheets and statements of income as of the end of such fiscal year and for the twelve (12)-month period then ended . . . ;

(b) **Monthly Financial Statements.** As soon as available and in any event within forty-five (45) days after the last day of each calendar month, beginning with the month ending July 31, 2014, a copy of an unaudited financial report of Borrower and its Subsidiaries . . . containing and statements of income all in reasonable detail . . . .

\* \* \* \*

(d) **Borrowing Base Report.** As soon as available, and in any event within thirty (30) days after the end of each month a Borrowing Base Report;

(e) **Accounts Receivable Aging.** As soon as available, and in any event within thirty (30)days after the end of each calendar month, an account receivable aging, classifying each Borrower's and its Subsidiaries' accounts receivable in categories of 0-30, 31-60, 61-90 and over 90 days from date of invoice . . . .

As described in the definitions section of the Credit Agreement, the "Borrowing Base" is "the sum sixty percent (60%) of the net amounts due and owing under each

Electronically Filed
6/7/2019 12:49 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2534-19-A

Contract (in turn defined as "each service contract or other written agreement by and between Borrower (or either of them) and the clients or customers of Borrower relating to review of Federal, state and local tax obligations") which originates from and after [May 9, 2014]."

14. The Credit Agreement also required HJH to submit Borrowing Base Reports periodically. These Reports formed the basis for determining how much money could be made available to HJH under the Credit Agreement and related documents. The total amount available to HJH was tied to the organization's borrowing base, which in turn was directly related to the borrower's accounts receivable.

15. Stephen Canty was CFO of HJH at all times pertinent to this action. Mr. Canty submitted false reports concerning the borrowing base of HJH as well as false reports concerning HJH's accounts receivable. Canty overstated amounts on borrowing reports submitted to TCB and INB and falsely inflated the accounts receivable due and owing to HJH by $24 million. As the result of his actions, Canty has been prosecuted for violating federal law.

16. As the result of Canty's actions, which were neither authorized nor acquiesced by INB at any time, INB sustained a very substantial loss equal to its participation or Three Million, Six Hundred Four Thousand, Six Hundred Thirty-five and 26/100 Dollars ($3,604,635.26), the amount of its participation in the loan.

17. As these events unfolded, INB had coverage under Continental Casualty

C-2534-19-A

Community Bank Bond 596777289 ["the Bond" or "INB's Bond"], which was in full force and effect at all relevant times.

    18.    INB's Bond included "Coverage E – Securities," which reads as follows:

E. SECURITIES

The Insurer will pay for Loss incurred by the Insured Entity resulting directly from the Insured Entity having, in good faith, for its own account or for the account of others,

1. acquired, sold, delivered or given value for, or extended credit or assumed liability on the faith of, any Written, Original:

    a.    Certificated Security,
    b.    Document of Title,
    c.    Deed, mortgage or other instrument conveying title to, or creating or discharging a lien upon, real property,
    d.    Certificate of Origin or Title,
    e.    Certificate of Deposit,
    f.    Evidence of Debt,
    g.    Corporate, partnership or personal Guarantee, or
    h.    Security Agreement,
    i.    Written Instruction,
    j.    Statement of Uncertificated Security.

which:

i. bears a handwritten signature of any maker, drawer, issuer, endorser, assignor, lessee, transfer agent, registrar, acceptor, surety, guarantor, or of any other person whose signature is material to the validity or enforceability of the security, which is a Forgery, or

ii. has been subject to Alteration, or

iii. at the time of such transaction had been reported as lost or stolen . . .

The following definitions are applicable to this coverage:

    Evidence of Debt means a Written Instrument, including a Negotiable Instrument, executed, or purportedly executed, by a customer of the Insured

Case 7:19-cv-00252  Document 1-1  Filed on 07/23/19 in TXSD  Page 7 of 9

Electronically Filed
6/7/2019 12:49 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2534-19-A

Entity and held by the Insured Entity which in the regular course of business is treated as evidencing the customer's debt to the Insured Entity.

Alteration means the material modification of an original document by a person acting without authority and with the intent to deceive.

19. INB timely and properly provided Defendant with notice of this claim and submitted a timely and complete proof of loss. INB also provided all documentation to support its claim that has been requested by Defendant.

20. Despite providing prompt notice and all requested supporting information, Defendant has failed to make a determination as to whether Plaintiff's claim should be covered.

## COUNT I – DECLARATORY JUDGMENT

21. Plaintiff incorporates paragraphs 1-21 of this Petition as though fully set forth.

22. The claim made by Plaintiff is fully covered by Coverage E set forth above. The various documents executed by HJH and held by TCB and INB constitute "Evidence of Debt" as defined in Coverage E of the INB Bond because they are written instruments executed by a customer of INB. INB held the documents in the regular course of its business. The documents evidenced HJH's debt to INB.

23. The documents, which included the altered reports submitted by Stephen Canty were the subject of "Alteration" because the figures on them were materially modified from the original records by Canty without authority from INB or TCB to do so.

Case 7:19-cv-00252   Document 1-1   Filed on 07/23/19 in TXSD   Page 8 of 9

Electronically Filed
6/7/2019 12:49 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2534-19-A**

24. For these reasons, coverage exists under Coverage E of INB's bond for INB's loss.

25. Under Chapter 37, TEX. CIV. PRAC. & REM. CODE, this Court has authority to declare the rights of the parties to the INB Bond, which constitutes a contract within the meaning of that Chapter.

26. Plaintiff is entitled to declarations that INB's claim under the Bond is covered under Coverage E, and that as the successor in interest by merger to INB's rights, Plaintiff is entitled to enforce INB's rights.

27. Plaintiff also is entitled to declarations that Defendant has breached its obligations under the INB Bond by failing to timely pay INB's claim.

## COUNT II – BREACH OF CONTRACT

28. Plaintiff incorporates paragraphs 1-27 of this Petition as though fully set forth herein.

29. By failing to pay the claim on INB's bond, Defendant has breached its contract. Plaintiff has sustained damages of at least $3,604,635.26 as a direct and proximate result.

30. More than thirty days has elapsed since INB presented its claim to Defendant.

31. Defendant has not paid the claim.

32. Plaintiff therefore is entitled to recover attorney's fees in an amount to be determined by the Court.

4825-1686-6457.1

C-2534-19-A

REQUEST FOR JURY TRIAL

Plaintiff requests trial by jury on all issues so triable.

NOTICE UNDER RULE 193.7, TEX. R. CIV. P.

Pursuant to Rule 193.7, please take notice that Defendant's production of documents in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial unless timely notice is given as required by Rule 193.7.

REQUESTS FOR DISCLOSURE

Pursuant to Rule 194, TEX. R. CIV. P., you are requested to disclose within the time permitted by law the information described in Rule 194.2(a)-(i).

WHEREFORE, Plaintiff prays for judgment in its favor including the declarations requested in Count I, damages as requested in Count II, attorney's fees as requested in Count II, costs, and such other and further relief as the Court deems appropriate in the premises.

Respectfully submitted,

*/s/ Thomas B. Alleman*
Thomas B. Alleman
State Bar No. 01017485
DYKEMA GOSSETT PLLC
1717 Main, Suite 4200
Dallas, Texas 75201
214.698.7830 phone
855.216.6218 fax
talleman@dykema.com e-mail

ATTORNEYS FOR PLAINTIFF